**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KASAAD DORSEY,

         Plaintiff,    No. 1:15-CV-859
    - v -           (BKS/CFH)

CITY OF ALBANY POLICE DEPARTMENT,
et al.,

         Defendants.

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER

Plaintiff pro se, who is currently incarcerated at Coxsackie Correctional Facility, commenced this action on July 13, 2015 by the filing of a complaint. Dkt. No. 1 ("Compl."). Presently pending before the Court is plaintiff's motion for leave to proceed in forma pauperis ("IFP"). Dkt. No. 5.[1] Plaintiff has not paid this Court's filing fee.

### I. IFP

Turning to plaintiff's IFP application, after reviewing the information provided therein, the Court finds that plaintiff may properly proceed with this matter IFP.

### II. Initial Review

#### A. Legal Standard

---

[1] This Court previously directed plaintiff's case be administratively closed with opportunity to comply with the filing fee requirement or submit an IFP application with proper certification. On July 29, 2015, upon plaintiff's filing of a new IFP application with proper certification, the Court reopened the case. Dkt. Nos. 5, 6.

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

### B. **Complaint**

Plaintiff alleges that defendants, in violation of the Forth Amendment, used excessive force against him while effectuating an arrest following his purchase of marijuana on October 1, 2013. Compl. at 3-4. Plaintiff contends that, while running from "two black trucks . . . chargeing [sic] at the plaintiff with head lights [sic] off[,]" he was "tazer [sic], hot by an unmark [sic] police truck[,] then assaulted on the ground befor [sic] and after being put into hand cuffs [sic]." Id. at 4. Plaintiff states that he suffered

> [n]asel Fracture, muiltuple [sic] abrasions], taser prob [sic] in
> the back, cuts in the inner lips, back pain, Pain and suffer
> [sic], sladering [his] name, defamination [sic] of [his] charcter
> [sic], tramendus [sic] stress, emotional, mental pain,
phycholgical [sic] pain . . . intentional, reckless, and negligent conduct by agents, servents [sic], and employes [sic] of the city of Albany New York.

Id. Plaintiff contends that he is seeking

> relief of 4 Million dollars from Albany Police Department.
> 250,000 $ dollars from each defendant in their own capacity.
> Use of excessive force. failure to protect the plaintiff from
> use of excessive force, inadequate training of the police

> officers.Unlawful use of police department instruments as (VEHICLES) and the use of a taser.

Id. at 6.

### 1. **Lack of Specificity**

As noted, plaintiff alleges that he was hit by an unmarked police truck, struck with a taser, and assaulted on the ground. Compl. at 4. Plaintiff names five detectives and one John Doe supervisor. Id. at 1. However, plaintiff provides absolutely no detail regarding each defendants' specific involvement in the alleged assault.

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Based on the extremely limited description provided by plaintiff in his complaint, the Court is unable to draw an inference whether each defendant is liable for the alleged conduct. Keeping in mind the Second Circuit's guidance to afford pro se litigants special solicitude, Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006), it is recommended that plaintiff's complaint against Detectives Venard, Plante, Wood, Scott Gavigan, Mulligan, and John Doe Supervisor be dismissed without prejudice, and with leave to amend so that plaintiff may be provided the opportunity to plead, with specificity, each defendants' specific conduct and involvement in the alleged constitutional violation.

## 2.  Claims against John Doe Supervisor

The court notes that plaintiff has named a "John Doe" defendant in this action. Plaintiff is advised that the U.S. Marshals cannot effect service on a "John or Jane Doe" defendant. In the event that plaintiff wishes to pursue this claim against this defendant, he shall take reasonable steps to ascertain the defendant's identity. Plaintiff may then file a motion to amend his complaint and seek leave of the Court to add such individual, by name, as a defendant to this lawsuit. Plaintiff is further advised that if this individual is not timely served, this action will be dismissed as against him.

## 3.  Claims against Detectives in Official Capacity[2]

Although plaintiff states that he seeks damages from the defendant officers in their "own" capacity (Compl. at 6), it not entirely clear whether plaintiff intends this to mean he is seeking to damages against the officers solely in their official capacities. Keeping in mind the special solicitude afforded to pro se plaintiffs, the Court wishes to clarify that, insofar as plaintiff may be seeking to bring this action against the officers in their official capacity, such claims must be dismissed.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. Regardless of the nature of the relief

---

[2]  Although claims for injunctive relief may be brought against defendants in their official capacity, the complaint makes clear that plaintiff is not seeking prospective, injunctive relief, but solely monetary relief for past alleged wrongs. See Interboro Institute, Inc. v. Maurer, 956 F.Supp. 188, 194 (N.D.N.Y. 1997) (citing Ex Parte Young, 209 U.S. 123, 160 (1908)).

sought, in the absence of the State's consent or waiver of immunity, a suit against the State or one of its agencies or departments is proscribed by the Eleventh Amendment. Halderman, 465 U.S. at 100. "New York State has not consented to suit in federal court." Abrahams v. Appellate Div. of Supreme Court, 473 F. Supp. 2d 550, 556 (S.D.N.Y. 2007) (citing Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 38-40 (2d. Cir. 1977). Section 1983 claims do not abrogate the Eleventh Amendment immunity of the states. See Quern v. Jordan, 440 U.S. 332, 340-41 (1979). "[C]laims against a government employee in his official capacity are treated as claims against the municipality," and, thus, cannot stand under the Eleventh Amendment. Hines v. City of Albany, 542 F. Supp. 2d 218 (N.D.N.Y. 2008).

Accordingly, to the extent plaintiff's complaint can be read to raise claims against the detective defendants in their official capacity for violations of the Fourth Amendment, such claims cannot stand. Accordingly, it is recommended that all claims against defendants Detective Venard, Detective Plate, Detective Wood, Detective Scott Gavigan, and Detective Mulligan their official capacities be dismissed with prejudice.

### 4. **City of Albany**

Plaintiff alleges, apparently pursuant to 42 U.S.C. § 1983, that the City violated the Fourth Amendment. Compl. at 5 ¶ 12. As noted, Eleventh Amendment bars federal courts from entertaining suits brought by a private party against a State or one of its agencies absent consent, waiver, or where Congress expressly overrides immunity. Abrahams, 473 F. Supp. 2d at 556. However,

> [a] municipal entity, such as the City here, may not liable pursuant to §

> 1983 under the theory of respondeat superior, but may be liable where
> its employee acted pursuant to an official policy, custom, or practice of
> said entity. See Monell [v. Dept. of Soc. Services of City of New York],
> 436 U.S. [658,] 694-95 [1978]; Rojas v. Alexander's Dep't Store, Inc.,
> 924 F.2d 406, 408 (2d Cir.1990). Such a policy, custom or practice may
> 'be inferred where the municipality so failed to train its employees as to
> display a deliberate indifference to the constitutional rights of those
> within its jurisdiction.' Patterson, 375 F.3d at 226 (quoting Kern v. City of
> Rochester, 93 F.3d 38, 44 (2d Cir.1996)) (internal quotation marks
> omitted).

Hines, 542 F. Supp. 2d at 227; see also Zahra v. Town of Southhold, 48 F.3d 674, 685 (2d Cir. 1995).

Here, plaintiff contends that the City of Albany Police Department is liable due to its "inadequate training of the police officers." Compl. at 6. Thus, it is recommended that plaintiff be allowed to proceed with his claim against the City of Albany Police Department, as such a claim is not barred by the Eleventh Amendment. See Hines, 542 F. Supp. 2d at 227.

### III. **Conclusion**

**WHEREFORE**, it is hereby:

**ORDERED** that plaintiff's in forma pauperis application (Dkt. No. 2) is granted;[3] and it is

**RECOMMENDED** that:

(1) All claims insofar as they are brought against defendants Detective Venard, Detective Plate, Detective Wood, Detective Scott Gavigan, and Detective

---

[3] Plaintiff should note that, even though IFP has been granted, he will still be required to pay fees that he may incur in this action, including but not limited to copying and/or witness fees.

Mulligan, insofar in their official capacities be dismissed, *with prejudice, and without leave to amend*; and it is further

(2) **RECOMMENDED** that all claims against Detective Venard, Detective Plate, Detective Wood, Detective Scott Gavigan, and Detective Mulligan in their individual capacities be dismissed, *without prejudice and with leave to amend*; and it is further

(3) **RECOMMENDED** that the Court allow plaintiff's claims alleging violation of the Fourth Amendment by the City of Albany Police Department to be accepted for filing and that, should this Report-Recommendation and Order be adopted by the District Judge, following that adoption and upon receipt from plaintiff of the documents required for service of process, the Clerk be directed to issue summonses, together with a copy of plaintiff's complaint, and forward them to the United States Marshal for service upon the Corporation Counsel of the City of Albany, and that response to the complaint be filed by the Corporation Counsel of the City of Albany as provided for in the Federal Rules of Civil Procedure after service of process on defendants; and in addition, the Clerk respectfully be directed to forward to the Corporation Counsel of the City of Albany a copy of this Report-Recommendation and Order, and any subsequent Order issued by this Court; and it is further

(4) **RECOMMENDED** that should this Report-Recommendation and Order be adopted, plaintiff be given **THIRTY (30)** days from the filing of the District Judge's Order adopting this Report-Recommendation and Order to file said amended complaint; and it is

**ORDERED**, that <u>any paper sent by a party to the Court or the Clerk be accompanied by a certificate showing that a true and correct copy of it was mailed to all opposing parties or their counsel. Any document received by the Clerk or the Court which does not include a proper certificate of service will be returned, without processing</u>. Plaintiff must comply with requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions, which must be returnable before the assigned Magistrate Judge with proper allowance for notice as required by the Rules; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. <u>Roldan v. Racette</u>, 984 F.2d 85, 89 (2d Cir. 1993) (citing <u>Small v. Sec'y of Health and Human Servs.</u>, 892 F.2d 15 (2d Cir. 1989)); <u>see also</u> 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: July 31, 2015
     Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge