UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**KASAAD DORSEY,**

    **Plaintiff,**

v.                    1:15-CV-859 (BKS/CFH)

**CITY OF ALBANY POLICE DEPARTMENT,** *et al.*,

    **Defendants.**
_____

**APPEARANCES:**

Kasadd Dorsey, Plaintiff Pro Se
13-A-5356
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051

**Hon. Brenda K. Sannes, United States District Court Judge**

## DECISION AND ORDER

    Plaintiff Kasaad Dorsey, a New York State inmate, filed this action under 42 U.S.C. § 1983 on July 13, 2015, alleging that the defendants used excessive force, in violation of the Fourth Amendment, during an arrest. (Dkt. No. 1). Plaintiff filed a motion for leave to proceed in forma pauperis, which the Court denied as incomplete on July 20, 2015. (Dkt. No. 4). Plaintiff filed a second motion for leave to proceed in forma pauperis on July 29, 2015, which was referred to United States Magistrate Judge Christian F. Hummel. (Dkt. No. 5).

    On July 31, 2015, Magistrate Judge Hummel issued a Report-Recommendation and Order granting plaintiff's in forma pauperis application. (Dkt. No. 7). After reviewing the complaint in accord with 28 U.S.C. §§ 1915(e) and 1915(e)(2)(B), Magistrate Judge Hummel

recommended that: (1) the Court dismiss all claims against Detective Venard, Detective Plante, Detective Wood, Detective Scott Gavigan, and Detective Mulligan in their individual capacities without prejudice, and with leave to amend, so that Plaintiff may have the opportunity to plead, with specificity, each defendant's conduct and involvement in the alleged violation of his constitutional rights; (2) the Court dismiss all claims against Detective Venard, Detective Plante, Detective Wood, Detective Scott Gavigan, and Detective Mulligan in their official capacities with prejudice, and without leave to amend; and (3) the Court allow Plaintiff to proceed with his claim against the City of Albany Police Department. (Dkt. No. 7). Magistrate Judge Hummel notified the parties that they had fourteen days to file written objections to the Report-Recommendation and that the failure to object within fourteen days would preclude appellate review. (Dkt. No. 7, p. 8).

A copy of the Report-Recommendation was mailed to Plaintiff via regular mail, and no objections to the Report-Recommendation have been filed.[1] *(Id).* Since no objections to the Report-Recommendation have been filed, and the time for filing objections has expired, the Court has reviewed the Report-Recommendation for clear error. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 229 (N.D.N.Y.2012); Fed. R. Civ. P. 72(b) advisory committee's note to the 1983 addition. Under this standard, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Peterson*, 2 F. Supp. 2d at 229. Having reviewed the Report-Recommendation and having found no clear error, it is hereby:

---

[1] Plaintiff filed a letter on September 3, 2015, requesting an update on the status of this action and another pending action. (Dkt. No. 8). Plaintiff did not object to the Report-Recommendation in his letter.

**ORDERED** that the Report-Recommendation (Dkt. No. 7) is **ADOPTED** in its entirety for the reasons stated therein; and it is further

**ORDERED** that all claims against Defendants Detective Venard, Detective Plante, Detective Wood, Detective Scott Gavigan, and Detective Mulligan in their official capacities are dismissed with prejudice; and it is further

**ORDERED** that all claims against Detective Venard, Detective Plante, Detective Wood, Detective Scott Gavigan, and Detective Mulligan in their individual capacities are dismissed without prejudice and with leave to amend; and it is further

**ORDERED** that Plaintiff's claim alleging a violation of the Fourth Amendment by the City of Albany Police Department is accepted for filing; and it is further

**ORDERED** that upon receipt from Plaintiff of the documents required for service of process, the Clerk of the Court shall issue a summons, together with a copy of Plaintiff's complaint, and forward them to the United States Marshal for service upon the Corporation Counsel of the City of Albany; and it is further

**ORDERED** that, after service of process on Defendant Corporation Counsel of the City of Albany, it shall file a response to the complaint as provided for in the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk of the Court shall forward to the Corporation Counsel of the City of Albany a copy of the Report-Recommendation and Order, and this Order; and it is further

**ORDERED** that plaintiff is given **THIRTY (30)** days from the filing date of this Order to file an amended complaint; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff.

**IT IS SO ORDERED.**

September 29, 2015
Syracuse, New York

Brenda K. Sannes
U.S. District Judge