UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KASAAD DORSEY,

                     **Plaintiff,**

                                                                        1:15-CV-859

   v.

CITY OF ALBANY POLICE DEPARTMENT,
DETECTIVE VENARD, DETECTIVE
PLANTE, DETECTIVE WOOD, DETECTIVE
SCOTT GAVIGAN, DETECTIVE
MULLIGAN, JOHN DOE SUPERVISOR,
DETECTIVE JOHN REGAN AND
DETECTIVE RUECKER,

_____

THOMAS J. MCAVOY,
Senior District Judge

## DECISION AND ORDER

### I. INTRODUCTION

      Before the Court is the motion of Defendants the City of Albany Police Department, John Doe Supervisor, and Detectives Venard, Plante, Wood, Gavigan, Mulligan, Regan, and Ruecker to dismiss Plaintiff's Complaint. See dkt. # 28. The parties have briefed the issues and the Court will decide the motion without oral argument.

### II. BACKGROUND

      Defendants arrested Plaintiff on October 1, 2013, in Albany, New York, for selling and possessing narcotics. Plaintiff claims that after he purchased marijuana

1

from an undisclosed party, two black trucks with their headlights off "charged" at him and he began to run.  Complaint ("Complt."), dkt # 12, at III.C.  Detective Gavigan tazed Plaintiff, and then "Plaintiff was hit by [an] unmark[ed] vehicle . . . operated by [Detective Brian Plante]."  Id.  Plaintiff claims that Detectives Venard, Regan, and Ruecker kicked and punched him in the face and back while he was on the ground.  Id.  Plaintiff alleges the assault occurred both before and after the Detectives handcuffed him.  Id.  He claims Detectives Wood, Mulligan, and Gavigan "stood by idly and did not help the plaintiff" while the other detectives assaulted him.  Id.

Plaintiff contends that he suffered from nasal fractures, abrasions, back pain, and cuts inside his lips.  Complt. at IV.  Plaintiff also alleges that he suffered slander, emotional distress, and psychological pain.  Id.  Plaintiff did not file a grievance with the City.  Id. at IV.F.  Plaintiff requests monetary damages from both the City and the detectives in their individual capacities.  Id. at V.

### III.  ANALYSIS

Defendants have filed a motion to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  In addressing such motions, the Court must accept "all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor."  Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009).  This tenet does not apply to legal conclusions.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Id.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to

relief that is plausible on its face." Id. (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)).

When, as here, the Plaintiff proceeds *pro se*, the Court "'construe[s] [the complaint] broadly, and interprets [it] to raise the strongest arguments that [it] suggests.'" Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 146 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)). "This is especially true when dealing with *pro se* complaints alleging civil rights violations." Id. In the event of a perceived deficiency in a *pro se* plaintiff's complaint, a court should not dismiss without granting leave to amend at least once if there is any indication that a valid claim may be stated. Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991); see also Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

The Court will address Defendants' motion to dismiss with respect to the individual Defendants and the City in turn.

### A. Individual Defendants

Plaintiff alleges state-law negligence, assault, battery, slander, and intentional infliction of emotional distress tort claims against the individual Defendants in their individual capacities. Defendants argue that these claims must be dismissed because Plaintiff failed to serve a notice of claim on the City. "Under New York law, service of a notice of claim upon a municipality is a condition precedent to maintaining a tort action against the municipality, or any of its officers, agents or employees acting within the scope of their employment." Reid v. Nassau Cty. Sheriff's Dep't, 2014 WL 4185195, at *36 (E.D.N.Y. 2014) (citing N.Y. Gen. Mun. L. §§ 50–e and 50–i(1)). "Notice of claim requirements are construed strictly by New York state courts [and a] [f]ailure to comply

with th[o]se requirements ordinarily requires a dismissal for failure to state a cause of action." Id. (quoting Hardy v. New York City Health & Hosp. Corp., 164 F.3d 789, 793 (2d. Cir. 1999)).

Defendants point out that a notice of claim must be filed within 90 days after the claim arises. N.Y. Gen. Mun. Law § 50-e. Furthermore, a plaintiff must plead "that at least thirty days have elapsed since the service of such notice," and the action must "be commenced within one year and ninety days after the happening of the event upon which the claim is based." N.Y. Gen. Mun. Law § 50-i. Defendants argue that since Plaintiff has failed to comply with the New York General Municipal Law in these respects, his claim must be dismissed.

Defendants admit, however, that the notice of claim requirement only applies to the individual Defendants if the City has a duty to indemnify them.

> As for a state law claim against an individual defendant in his individual capacity, "the requirements of Sections 50–e and 50–i are not conditions precedent to the commencement of an action against a [city] employee unless the [city] is required to indemnify such person," and "[t]he [city's] duty to indemnify these employees turns on whether they were acting within the scope of their employment."

Johnson v. Cty. of Nassau, 2014 WL 4700025, at *24 (E.D.N.Y. 2014) (quoting Wharton v. Cty. of Nassau, 2013 WL 4851713, at *15 (E.D.N.Y. 2013)); see also N.Y. Gen. Mun. Law § 50-j ("every city . . . shall be liable for, and shall assume the liability to the extent that it shall save harmless, any duly appointed police officer of such municipality . . . for any negligent act or tort, provided such police officer, at the time of the negligent act or tort complained of, was acting in the performance of his duties and within the scope of his employment"). A police officer is deemed to be acting in the performance of his duties and within the scope of his employment "when engaged in the immediate and

4

actual performance of a public duty imposed by law and such public duty performed was for the benefit of the citizens of the community wherein such public duty was performed." N.Y. Gen. Mun. Law § 50-j.

Under New York law the question is whether a defendant acted within the scope of his employment and in the discharge of his official duties. Schenectady Police Benevolent Ass'n. v. City Of Schenectady, 299 A.D.2d 717, 718 (App. Div. 3d Dep't. 2002). Under this standard:

> the court weighs the following factors: the connection between the time, place and occasion for the act; the history of the relationship between employer and employee as spelled out in actual practice; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific act was one that the employer could reasonably have anticipated.

Pizzuto v. Cty. of Nassau, 239 F. Supp. 2d 301, 313 (E.D.N.Y. 2003) (internal quotation omitted).

The Court finds that, even construing the facts alleged in the Complaint in the light most favorable to Plaintiff, a reasonable jury could only find that Defendants were acting in the scope of their employment when they arrested Plaintiff. Plaintiff's Complaint alleges that the individual Defendants were conducting a planned arrest after Plaintiff purchased marijuana. Plaintiff ran from the individual Defendants and they pursued and detained him, allegedly inflicting injuries on him. Complt. at III.C. The conduct of which Plaintiff complains occurred while the individual Defendants were performing their duties as detectives making an arrest, and such conduct occurred in the scope of employment. See Pizzuto, 239 F. Supp. 2d at 315 ("[T]he test has come to be 'whether the act was done while the servant was doing his master's work, no matter

5

how irregularly, or with what disregard of instructions.'") (quoting Riviello v. Waldron, 47 N.Y.2d 297, 302 (1979)).

Moreover, use of force while making an arrest is something that the City could have foreseen given the nature of police work. Police officers often must use some degree of force to make arrests. Even though the officers may have departed from the normal methods of making an arrest by using excessive force, the departure was not so substantial as to remove the actions from the scope of their employment. Nothing Plaintiff alleges suggests the Defendants' use of force was to further personal ends. See Schenectady Police Benevolent Ass'n., 299 A.D.2d 717 (off-duty police officer who falsely arrested a woman who rejected his romantic advances was not acting within the scope of his employment); Stavitz v. City of New York, 98 A.D.2d 529 (App. Div. 1st Dep't. 1984) (off-duty police officer who entered his neighbor's home, assaulted his neighbor and neighbor's son, and then arrested them was acting for purely personal reasons, and the City was not liable for the officer's assault); Mahmood v. City of New York, 2003 WL 21047728 (S.D.N.Y. 2003) (off-duty police officer who, during a personal altercation, identified himself as a police officer and then assaulted a motorist was not furthering police business, and the City was therefore not liable for his conduct).

Plaintiff also claims that Defendant Plante struck him with the vehicle he was operating. While this use of force may be an extreme departure from the level of force that police officers normally use in arrests, the Court must still consider and balance the other factors described above. The question is whether Defendant Plante was acting within the scope of his employment and during the discharge of his duties. Plaintiff alleges that Defendant Plante was on duty, making an arrest with other police officers,

6

and driving a police vehicle.  Due to the nature and context of the alleged occurrence, the Court finds that Plante alleged conduct was within the scope of his employment and during the discharge of his duties.

Since the individual Defendants were acting within the scope of their employment, the City had a duty to indemnify them.  Johnson, 2014 WL 4700025, at *24.  Service of a notice of claim is therefore a "condition[] precedent to the commencement of an action" against the individual Defendants.  Id.  The alleged misconduct occurred on October 1, 2013.  Any notice of claim must have been served upon the City within 90 days following that date.  Plaintiff admits that he did not file a grievance with the City,[1] and did not serve a notice of claim upon any City official.  See Complt. at IV.F-G.  Since Plaintiff failed to serve Defendants with a notice of claim within 90 days of the occurrence of the conduct giving rise to the claim as required under N.Y. Gen. Mun. Law § 50-e, Plaintiff's state-law tort claims against the individual Defendants are time barred and will be dismissed with prejudice.

### B.  The City of Albany Police Department

Plaintiff alleges that the City inadequately trained the individual Defendants, and that the inadequate training led to the individual Defendants' use of excessive force against Plaintiff in violation of his constitutional rights.  Complt. at V.  Defendants argue that Plaintiff has failed to state a plausible claim that the City inadequately trained the individual Defendants.

Courts have held that a Section 1983 claim against a municipality requires that a Plaintiff show:

---

[1] Plaintiff states in the Complaint that he did not file a grievance because there was "[n]o need for a grievance."  Complt. at IV.F.  Plaintiff did not include any additional information in the Complaint regarding service of a § 50-c notice on the City.

> (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury.

Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008) (citing Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 690-91 (1978)).  "A municipal government may be sued under 42 U.S.C. § 1983 if the practices of its officials rise to the level of a 'custom or usage' that is attributable to the municipality." Delaney v. City of Albany, 2014 WL 701637, at *4 (N.D.N.Y. 2014) (citing Monell, 436 U.S. at 692).  "[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989).  Courts in the Second Circuit require that a plaintiff offer "some direct proof that the municipality's training programs are deficient." Delaney, 2014 WL 701637, at *5 (finding that the plaintiff "ha[d] not set forth specific allegations that tie[d] the alleged misconduct to a failure to train"); see also Triano v. Town of Harrison, NY, 895 F. Supp. 2d 526 (S.D.N.Y. 2012) (dismissing a claim "[b]ecause Plaintiff has done no more than make conclusory assertions[;] he has not adequately alleged that the Town's training policies caused Plaintiff's injuries); Miller v. Cty. of Monroe, 2013 WL 2180738 (W.D.N.Y. 2013) ("The difficulty with accepting Plaintiff's [inadequate training argument] . . . is that she relies on the conclusion that this one incident plausibly infers either an inadequate policy, or training, or the complete lack of a policy.").

Here, Plaintiff has not alleged that the City's training programs are deficient in any particular way.  Delaney, 2014 WL 701637.  Plaintiff merely states, in his request for relief, that he "seek[s] relief of 5 million dollars from the City of Albany as a municipal

entity for inadequate training of the police officers." Complt. at V.  Plaintiff offers a conclusory assertion that this incident itself is evidence that the City failed adequately to train its police officers.  <u>Triano</u>, 895 F. Supp. 2d 526; <u>Miller</u>, 2013 WL 2180738.  Without more, this statement is merely conclusory and insufficient to survive Defendant's motion to dismiss.  The Court will therefore dismiss the claim against the City.  Because the Plaintiff could conceivably add additional facts sufficient to state a plausible claim, the Court will grant Plaintiff leave to re-plead.

## IV.  CONCLUSION

For the reasons stated above, Defendants' motion to dismiss, dkt. # 28, is GRANTED, as follows:

1.  Plaintiff's negligence, assault, battery, slander, and intentional infliction of emotional distress claims against the individual Defendants are DISMISSED with prejudice;

2.  Plaintiff's 42 U.S.C. § 1983 claim against the City of Albany for inadequate training of its police officers is DISMISSED without prejudice; and

3.  Plaintiff is granted leave of thirty (30) days to file an amended complaint setting forth certain claims as addressed more particularly above.  Plaintiff is advised that <u>an amended complaint **supersedes in all respects** the prior pleading.</u>  <u>Therefore, if the Plaintiff files an amended complaitn he **must properly allege the claims for which leave to re-plead has been granted and must properly re-allege the claims that have not been dismissed** by this Decision and Order.  The failure to file an amended complaint within this time frame will be deemed as an abandonment of any claims for which leave</u>

<blockquote>to re-plead has been granted and will result in judgment being entered against Plaintiff on these claims without further order of the Court.</blockquote>

Plaintiff may file an amended complaint within 30 days of the date of this order.

**IT IS SO ORDERED**

_____
Thomas J. McAvoy
Senior, U.S. District Judge

DATED: April 13, 2016.