UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KASAAD DORSEY,

                Plaintiff,

v.                                                1:15-CV-859

CITY OF ALBANY POLICE DEPARTMENT,     (Lead)
*et al.*,

                Defendants.
_____

KASAAD DORSEY,

                Plaintiff,

v.                                                6:14-CV-23

DETECTIVE JOHN REGAN, *et al.*,                     (Member)

                Defendants.
_____

THOMAS J. MCAVOY,
Senior District Judge

## DECISION AND ORDER

### I. INTRODUCTION

      Before the Court is a motion in 1:15-CV-859 by the City of Albany Police Department, John Doe, Detective Ruecker, Scott Gavigan, Mulligan, Plante, John Regan, Venard, and Wood to dismiss Plaintiff's Amended Complaint filed in that case. See dkt. # 38.  Despite the Court's direction to respond to the motion, Plaintiff has failed to do so.  See dkt. # 40.

### II. BACKGROUND

This case arises out of Plaintiff's arrest on October 1, 2013, in Albany, New York, for selling and possessing narcotics. Plaintiff initially filed a Complaint in 1:15-CV-859 on July 13, 2015. See dkt. # 1. After the Court granted the Defendants' motion to dismiss that Complaint with prejudice with respect to Plaintiff's state-law claims and without prejudice to re-pleading his Section 1983 failure-to-train claim against the Defendant City, Plaintiff filed the instant Amended Complaint. See dkt. #s 35-36. Defendants again filed a motion to dismiss. See dkt. # 38.

Plaintiff's Amended Complaint alleges that after he purchased marijuana from an undisclosed party, two black trucks with their headlights off "charged" at him and he began to run. Amended Complaint ("Amend. Complt."), dkt # 36, at III.C. Plaintiff alleges that he fled and Det. Venard, Det. Wood, Det. Scott Gavigan, Det. Mulligan, Det. John Regan and Det. Ruecker followed in foot pursuit. Id. Detective Gavigan tazed Plaintiff while he was running, and then "Plaintiff was hit by [an] unmark[ed] vehicle . . . operated by [Detective Brian Plante]." Id. Plaintiff claims that Detectives Venard, Regan, and Ruecker attacked him while he was on the ground with multiple punches and kicks to the face and back. Id. Plaintiff alleges the assault occurred both before and after the Detectives handcuffed him. Id. He claims Detectives Wood, Mulligan, and Gavigan "stood by idly and did not help the plaintiff" while the other detectives assaulted him. Id.

Plaintiff further alleges that Defendant City of Albany is liable for inadequate training. Id. at III.D. He contends that:

> (i). Albany City Police Dept.-C.R.U. Staff use[d] deadly and excessive force when performing a R.I.P. operation (Narcotic Investigation) arrest [on the] date of October 1, 2013 [towards] the plaintiff. Defendants' response to perform this arrest was based on a previous drug sale[,] a non-violent felony offense.

2

> (ii). Use of force is reasonable when a[n] arrestee is fleeing and/or resisting arrest. However, a police officer may not use deadly force unless a suspect poses . . . a significant threat of death or physical injury to others or the officer. The defendants lack[ed] probable cause to perform deadly force due to the [fact that] plaintiff was a non-violent fleeing felon. Officer Brian Plante use[d] a motor vehicle as a deadly weapon to subdue the plaintiff from fleeing. Plaintiff did not threaten or inflict any harm on any person or officer.
> (iii). Office Scott Gavigan['s] use of [a] taser was excessiv[e] . . . , where plaintiff again ha[d] not presented any form of harm towards anyone during th[e] incident. Scott deliberately use[d] the taser and deliberately watch[ed] his fellow partners [beat] the plaintiff. Then officers John Reagan, Venard, [and] Ruecker, deliberately delivered the blows inflicted upon plaintiff, and officer [W]ood, and officer Mulligan deliberately watch[ed] plaintiff receive the physical abuse by idly watching and not helping the plaintiff.
> (iv). Base[d] on the conduct in question, arresting a fleeing felon is merely the type of situation that officers can reasonably expect to confront. The allege[d] misconduct set forth is a clear showing that the need for more or different training is obvious, the inadequacy [of] policing training likely resulted in deliberate indifference [to] the plaintiff constitutional rights. It can reasonably be said that the policy makers of the city of Albany have been deliberate[ly] indifferent to the need of training.

Id. at D(i-iv).

Plaintiff contends that he suffered nasal fractures, abrasions, back pain, and cuts inside his lips from Defendants' conduct. Id. at IV. Plaintiff also alleges that he suffered slander, emotional distress, and psychological pain. Id. Plaintiff requests monetary damages from both the City and the detectives in their individual capacities. Id. at V.

## III. ANALYSIS

Defendants have filed a motion to dismiss Plaintiffs' claims pursuant to Federal Rule of Civil Procedure 12(b)(6). In addressing such motions, the Court must accept "all factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor." Holmes v. Grubman, 568 F.3d 329, 335 (2d Cir. 2009). This tenet does not apply to legal conclusions. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory

3

statements, do not suffice." Id.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Id. (quoting Bell Atl. v. Twombly, 550 U.S. 544, 570 (2007)).

When, as here, the Plaintiff proceeds *pro se*, the Court "'construe[s] [the complaint] broadly, and interprets [it] to raise the strongest arguments that [it] suggests.'" Weixel v. Bd. of Educ. of N.Y., 287 F.3d 138, 146 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)).  "This is especially true when dealing with *pro se* complaints alleging civil rights violations."  Id.  In the event of a perceived deficiency in a *pro se* plaintiff's complaint, a court should not dismiss without granting leave to amend at least once if there is any indication that a valid claim may be stated. Branum v. Clark, 927 F.2d 698, 704-05 (2d Cir. 1991); see also Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when justice so requires").

Plaintiff did not respond to the motion.  Since "no response was necessary" to a 12(b)(6) motion to dismiss, the Court will apply the appropriate legal standard and determine whether Plaintiff's Amended Complaint states a claim upon which relief could be granted.  Maggette v. Dalsheim, 709 F.2d 800, 802 (2d Cir. 1983).

### A. Individual Defendants

Defendants argue that any claims against Detectives Ruecker and Regan should be dismissed because Plaintiff's Amended Complaint fails to name either as a Defendant.  Defendants are correct that Plaintiff did not name either officer as a Defendant in the Amended Complaint in 1:15-CV-859.  The facts alleged in the Amended Complaint, however, describe conduct on the part of both Detectives that, if proved, would make them liable for excessive force in arresting the Plaintiff.  As Plaintiff

4

is proceeding *pro se*, the Court will read the Amended Complaint to raise the strongest arguments that it suggests, and thus to include both Detectives as Defendants in the Amended Complaint in 1:15-CV-859. Moreover, because this is a consolidated action arising out of the same facts and circumstances as the claims in 6:14-CV-23; because personal jurisdiction has been obtained over Detectives Ruecker and Regan in 6:14-CV-23; and because claims against Detectives Ruecker and Regan remain pending in 6:14-CV-23, the Court finds no undue prejudice to either Defendant from including them as Defendants in the Amended Complaint in 1:15-CV-859. The motion will be denied in this respect.

### B. The City of Albany

Plaintiff alleges that the City of Albany failed properly to train the individual Defendants, and that the inadequate training led to the individual Defendants' use of excessive force against Plaintiff in violation of his constitutional rights. Defendants argue that Plaintiff has failed to state a plausible claim that the City violated Plaintiff's constitutional rights in the way it trained police officers.

Municipal liability is limited under Section 1983 by Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). In that case, the Supreme Court found that municipal liability existed "where that organization's failure to train, or the policies or customs that it has sanctioned, led to an independent constitutional violation." Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006). To prevail, a plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." Bd. of County Commr's v. Brown, 520 U.S. 397, 403 (1997). "A government's official policy may be 'made by its lawmakers or by those whose edicts or acts may fairly be said to represent official

policy.'" Dangler v. New York City Off Track Betting Corp., 193 F.3d 130, 142 (2d Cir. 1999) (quoting Monell, 436 U.S. at 694).

"Municipal liability may . . . be premised on a failure to train employees when inadequate training 'reflects deliberate indifference to . . . constitutional rights.'" Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 440 (2d Cir. 2009) (quoting City of Canton v. Harris, 489 U.S. 378, 392 (1989)). To demonstrate such deliberate indifference, the plaintiff must demonstrate "(1) 'that a policymaker knows to a moral certainty that her employees will confront a given situation'; (2) 'that the situation either presents the employee with a difficult choice of the sort that training or supervision will make less difficult or that there is a history of employees mishandling the situation'; (3) 'that the wrong choice by the . . . employee will frequently cause the deprivation of a citizen's constitutional rights.'" Id. (quoting Walking v. City of New York, 974 F.2d 298, 297-98 (2d Cir. 1992)). "'[D]eliberate indifference may be inferred if the complaints are followed by no meaningful attempt on the part of the municipality to investigate or to forestall further incidents.'" Id. (quoting Vann v. City of New York, 72 F.3d 1040,1049 (2d Cir. 1995)).

As recited above, Plaintiff's allegations of municipal liability are that officers used excessive force against him when he fled their attempt to take him into custody. Since officers frequently encounter such situations, Plaintiff contends, their use of excessive force demonstrates that the City failed to provide adequate training. The Court finds such allegations merely conclusory; they state the elements of a failure-to-train claim, but provide no facts which would make it plausible that Plaintiff could prevail on this claim. Plaintiff's claim is premised on the sort of *respondeat superior* liability that

Monnell forbids. The Court will grant the motion in this respect. Because the Court has already provided Plaintiff with an opportunity to re-plead this claim once, the Court will grant the motion with prejudice.

## IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss, dkt. # 38, is GRANTED and DENIED in part, as follows:

1. The motion is GRANTED with prejudice with respect to Plaintiff's claims against the Defendant City of Albany; and

2. The motion is DENIED with respect to the claims against Defendant Ruecker and Regan.

**IT IS SO ORDERED**

DATED: February 17, 2017

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge